The decision below is signed as a decision of the court.

Signed: July 29, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
STRATESEC, INC.,                   )    Case No. 04-00696
                                   )       (Chapter 11)
                                   )
Debtor.

MEMORANDUM DECISION RE DIRECTING TRUSTEE TO
SHOW CAUSE, IF ANY HE HAS, WHY THE COURT OUGHT
<u>NOT DENY HIS MOTION TO AMEND ORDER APPROVING SETTLEMENT</u>

This decision addresses the Expedited Motion to Amend Order Approving Trustee's Settlement With Louis B. Friedman, As Trustee of the E.S. Bankest, L.C. Liquidating Trust and McGladrey & Pullen, LLP (Docket Entry ("DE") No. 233) filed by Stephen H. Marcus, the chapter 11 trustee in this case. The motion seeks ths court's entry of a Bar Order submitted with the motion. The Settlement Agreement granted releases of claims against certain entities (the "released parties"). The Bar Order would enjoin "all persons" from pursuit against those released parties of contribution or indemnity claims "arising out of or related to the claims or allegations asserted by, or which could have been asserted by [Marcus],"

and would deem such contribution or indemnity claims extinguished. I have three major difficulties with the motion.

First, the Settlement Agreement does not appear to have required the trustee to seek a Bar Order from this court. The trustee asserts:

> The Court-approved Settlement Agreement provided for and contemplated the attachment of a proposed "Bar Order" referenced in Paragraph 3.1. However, the proposed Bar Order was inadvertently omitted when the 9019 Motion was filed with the Court.

(Mot. ¶ 4.) True, Paragraph 3.1 of the Settlement Agreement referred to a Bar Order (which was supposed to be but was not attached to the copy of the Settlement Agreement filed with the court), but that Bar Order was to be submitted for consideration not by this court but by the United States Bankruptcy Court for the Southern District of Florida before which certain litigation was pending that was also the subject of the Settlement Agreement.[1] Moreover, the so-called 9019 Motion (the motion filed in this court to seek approval of the

---

[1] Paragraph 3.1 of the Settlement Agreement required the filing of a motion with the "Bankruptcy Court" (defined to mean the United States Bankruptcy Court for the Southern District of Florida) to approve the Settlement Agreement, along with a proposed Bar Order; it did not call for the filing of the proposed Bar Order with the motion to approve the Settlement Agreement by the "Stratesec Court" (defined to mean this court).

2

Settlement Agreement) itself attached as Exhibit B the proposed Bar Order which, as required by Paragraph 3.1, was captioned for entry by the United States Bankruptcy Court for the Southern District of Florida (and *not* by this court).[2] Because the proposed Bar Order referred to in Paragraph 3.1 to

---

[2] That the Settlement Agreement contemplated that the Bar Order would be entered by the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") instead of this court (the "Stratesec Court") is made evident by other provisions of the Settlement Agreement, and by the motion to approve the Settlement Agreement.

Paragraph 1.1 of the Settlement Agreement called for the Settlement Payment to occur after:

> (i) the **Bankruptcy Court's** approval of this Settlement Agreement and entry of [the] Bar Order . . ., and (ii) the **Stratesec Court's** approval of this Settlement Agreement . . . .

(Emphasis added.)

Paragraph 3.2 of the Settlement Agreement stated:

> In the event that the **Stratesec Court** does not approve this Settlement Agreement, or the **Bankruptcy Court** does not enter the Bar Order in the form attached hereto as Exhibit D, or if the Bankruptcy Court enters the Bar Order but . . . the Bar Order is . . . reversed, then this Agreement shall be canceled and terminated . . . .

(Emphasis added.)

Finally, the motion to approve the Settlement Agreement noted that under the Settlement Agreement "[t]he Florida Court will enter a Bar Order in the form attached hereto as Exhibit B," but it did not indicate that under the Settlement Agreement this court was to enter a Bar Order.

which the trustee alludes was to be filed only with the United States Bankruptcy Court for the Southern District of Florida, he has not established a need under the Settlement Agreement for him to request this court to issue a Bar Order.

Second, the proposed issuance of a Bar Order raises fundamental procedural issues.  With exceptions of no applicability here, Federal Rule of Bankruptcy Procedure 7001(7) requires that a proceeding seeking an injunction be brought as an adversary proceeding.[3]  This court has made clear on numerous occasions that counsel ought not include as part of an order provisions this court plainly has no authority to grant.  Without an adversary proceeding having been commenced, a Bar Order, if issued, would not be worth the paper it is written on.

Third, the proposed Bar Order raises substantive issues regarding the Court's authority to issue the Bar Order. First, Marcus has not shown that the releases under the

---

[3] Beyond the requirement of commencing an adversary proceeding, the trustee would be required in such an adversary proceeding to establish that subject matter jurisdiction exists to entertain a request for such injunctive relief.  It is doubtful that granting the requested Bar Order--enjoining third parties (identified as only "all persons") from pursuing claims for contribution or indemnification from the released parties--would have an impact on the administration of the bankruptcy estate.  Without any such impact on the estate, this court would likely lack subject matter jurisdiction.

4

Settlement Agreement in favor of the released parties provides a basis for ruling that all contribution and indemnification claims against them have been extinguished.[4]  Second, even if the releases under the Settlement Agreement bar those third parties from suing the released parties, there is no showing of an imminent threat that those third parties will sue the released parties, as required to establish a need for an injunction.  See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (party seeking an injunction against police abuse must show "real and immediate threat of again being illegally choked"); Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) ("actual and imminent" injury required); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir. 1990).  Finally, if nonbankruptcy law does bar assertion against the released parties of contribution and indemnification claims, there has been no showing why the

---

[4] Because the Bar Order would enjoin "all persons," and does not identify their contribution and indemnification claims, the court would have to examine the laws of all the states (indeed, of all the world) to ascertain the effect of a release of claims against the released parties on any possible contribution and indemnification claims of other entities. This reinforces the earlier point that an adversary proceeding is required for obtaining injunctive relief.  In an adversary proceeding the plaintiff would have to identify the defendants in order for them to be sued for injunctive relief.  In turn, that would facilitate an identification of the nonbankruptcy law governing the effect of the release on the contribution and indemnification claims.

ability to raise that bar as a defense ought not be an adequate remedy at law, thus precluding injunctive relief. See Cadman Towers, 51 F.3d at 332.

Accordingly, an order follows requiring Marcus to supplement his motion to show cause, if any he has, why this court ought not deny his motion in light of the foregoing.

[Signed and dated above.]

Copies to: Katherine Sutcliffe Becker, Esq.; Office of U.S. Trustee.