The decision below is signed as a decision of the court.

Signed: September 04, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STRATESEC, INC., | ) | Case No. 04-00696 |
| | ) | (Chapter 11) |
| Debtor. | ) | **For Publication in West's** |
| | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION RE DENIAL OF
<u>CHAPTER 11 TRUSTEE'S MOTION TO AMEND ORDER APPROVING SETTLEMENT</u>

This decision addresses the Expedited Motion to Amend Order Approving Trustee's Settlement With Louis B. Friedman, As Trustee of the E.S. Bankest, L.C. Liquidating Trust and McGladrey & Pullen, LLP (Docket Entry ("DE") No. 233) filed by Stephen H. Marcus, the chapter 11 trustee in this case.  The motion seeks this court's entry of a Bar Order submitted with the motion. Under the Settlement Agreement, Marcus granted releases of claims against certain entities (the "released parties").  The Bar Order would enjoin "all persons" from pursuing those released parties on contribution or indemnity claims "arising out of or related to the claims or allegations asserted by, or which could have been asserted by [Marcus]" against the released parties, and would deem such contribution or indemnity claims extinguished.  On July

30, 2007, I issued an order directing Marcus to show cause, if any he had, why I ought not deny his motion. Marcus has failed to respond to that motion in a timely fashion. I will deny the motion for the following reasons.

I

The Settlement Agreement does not appear to have required the trustee to seek a Bar Order from this court. The trustee asserts:

> The Court-approved Settlement Agreement provided for and contemplated the attachment of a proposed "Bar Order" referenced in Paragraph 3.1. However, the proposed Bar Order was inadvertently omitted when the 9019 Motion was filed with the Court.

(Mot. ¶ 4.) True, Paragraph 3.1 of the Settlement Agreement referred to a Bar Order (which was supposed to be but was not attached to the copy of the Settlement Agreement filed with the court), but that Bar Order was to be submitted for consideration not by this court but by the United States Bankruptcy Court for the Southern District of Florida before which certain litigation was pending that was also the subject of the Settlement Agreement.[1] Moreover, the so-called 9019 Motion (the motion filed in this court to seek approval of the Settlement Agreement)

---

[1] Paragraph 3.1 of the Settlement Agreement required the filing of a motion with the "Bankruptcy Court" (defined to mean the United States Bankruptcy Court for the Southern District of Florida) to approve the Settlement Agreement, along with a proposed Bar Order; it did not call for the filing of the proposed Bar Order with the motion to approve the Settlement Agreement by the "Stratesec Court" (defined to mean this court).

2

itself attached as Exhibit B the proposed Bar Order which, as required by Paragraph 3.1, was captioned for entry by the United States Bankruptcy Court for the Southern District of Florida (and *not* by this court).[2] Because the proposed Bar Order referred to in Paragraph 3.1 to which the trustee alludes was to be filed only with the United States Bankruptcy Court for the Southern District of Florida, he has not established a need under the

---

[2] That the Settlement Agreement contemplated that the Bar Order would be entered by the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") instead of this court (the "Stratesec Court") is made evident by other provisions of the Settlement Agreement, and by the motion to approve the Settlement Agreement.

Paragraph 1.1 of the Settlement Agreement called for the Settlement Payment to occur after:

> (i) the **Bankruptcy Court's** approval of this Settlement Agreement and entry of [the] Bar Order . . ., and (ii) the **Stratesec Court's** approval of this Settlement Agreement . . . .

(Emphasis added.)

Paragraph 3.2 of the Settlement Agreement stated:

> In the event that the **Stratesec Court** does not approve this Settlement Agreement, or the **Bankruptcy Court** does not enter the Bar Order in the form attached hereto as Exhibit D, or if the Bankruptcy Court enters the Bar Order but . . . the Bar Order is . . . reversed, then this Agreement shall be canceled and terminated . . . .

(Emphasis added.)

Finally, the motion to approve the Settlement Agreement noted that under the Settlement Agreement "[t]he Florida Court will enter a Bar Order in the form attached hereto as Exhibit B," but it did not indicate that under the Settlement Agreement this court was to enter a Bar Order.

3

Settlement Agreement for him to request this court to issue a Bar Order.

II

Even if the Settlement Agreement had called for Marcus to request this court to issue a Bar Order, the proposed issuance of a Bar Order raises fundamental procedural issues

With exceptions of no applicability here, Federal Rule of Bankruptcy Procedure 7001(7) requires that a proceeding seeking an injunction be brought as an adversary proceeding, with a requirement of service of a summons with the complaint to satisfy the requirements of due process.  Far too often attorneys include in an order disposing of one proceeding a provision that must be sought by a different type of proceeding.[3]  Injunctive relief against entities who are not parties to a settlement agreement ought not be included as part of an order granting a motion to approve a settlement agreement.

Without an adversary proceeding having been commenced, a Bar Order, if issued, would not be worth the paper it is written on, except to use in an attempt to frighten off entities that might

---

[3] For example, a sale order, even when made pursuant to a confirmed chapter 11 plan, cannot declare that under 11 U.S.C. § 1146(a) (formerly § 1146(c)), the sale is exempt from recording fees and transfer taxes.  Even if that would be a collateral consequence of such an order, the local tax authority would be entitled to be sued in a procedurally correct fashion before the purchaser may obtain a declaratory judgment that such a prospective sale would be (or a completed sale was) exempt from recording fees and transfer taxes.

4

pursue claims for contribution and indemnification, and I will not assist the parties in obtaining a Bar Order, utterly devoid of legal authority, to utilize for that improper purpose. Attorneys, who are officers of the court, similarly ought not defeat the rule of law by seeking from the court an order that they ought to well know has not been sought in a procedurally correct fashion.

Beyond the requirement of commencing an adversary proceeding, the trustee would be required in such an adversary proceeding to establish that subject matter jurisdiction exists to entertain a request for such injunctive relief.  Marcus has not shown that granting the requested Bar Order--enjoining third parties (identified as only "all persons") from pursuing claims for contribution or indemnification from the released parties--would have an impact on the administration of the bankruptcy estate.  Without any such impact on the estate, this court would lack subject matter jurisdiction under 28 U.S.C. § 1334.  Plainly, it does not suffice that a party, against whom a trustee had a claim that has already been settled, would find it attractive to obtain an adjudication of the collateral consequences on third parties of its settlement with the

trustee.[4]

### III

Finally, the proposed Bar Order raises substantive issues regarding the Court's authority to issue the Bar Order.

First, Marcus has not shown that the releases under the Settlement Agreement in favor of the released parties provide a

---

[4] It does not appear that the released parties made the granting of a Bar Order a condition to the settlement agreement being effective. Instead, it appears that they desire a Bar Order after the settlement was already approved.

I need not address whether the bankruptcy court would have subject matter jurisdiction to entertain an adversary proceeding to grant a Bar Order when the granting of a Bar Order is a condition to the settlement agreement being effective. Nevertheless, I raise a concern that such a proceeding may have too weak a connection to the case to warrant finding that subject matter exists. The consequences of a trustee's settlement agreement on third parties are external to the case itself, and Congress may not have intended that bankruptcy courts adjudicate such consequences. Congress arguably intended that the parties settling disputes within the bankruptcy court's jurisdiction must assess the likely external consequences of their settlement *vis a vis* third parties, and live with those consequences, without the court being called upon to entertain an adversary proceeding, in advance of approving the settlement agreement, to declare those external consequences. But see 11 U.S.C. § 1146(b) (formerly § 1146(d)) (authorizing proponent of a plan to obtain an adjudication of certain tax consequences of the plan).

Ultimately, the issue is likely largely academic because the requirement that an adversary proceeding be pursued to obtain a Bar Order will result in few such proceedings being brought: if the releases granted under a settlement agreement have the effect of barring claims for contribution and indemnification, then the released parties will need to litigate the issue only with the occasional errant third party who nevertheless sues on its barred claims for contribution and indemnification. That makes the expense of bringing an adversary proceeding against all such third parties in advance, incident to the approval of a settlement, an approach that is not cost effective.

basis for ruling that all contribution and indemnification claims against them have been extinguished.  Because the Bar Order would enjoin "all persons," and does not identify their contribution and indemnification claims, the court would have to examine the laws of all the states (indeed, of all the world) to ascertain the effect of a release of claims against the released parties on any possible contribution and indemnification claims of other entities.[5]

   Second, even if the releases under the Settlement Agreement bar those third parties from suing the released parties, there is no showing of an imminent threat that those third parties will sue the released parties, as required to establish a need for an injunction.  See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (party seeking an injunction against police abuse must show "real and immediate threat of again being illegally choked"); Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) ("actual and imminent" injury required); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir. 1990).

   Finally, if nonbankruptcy law does bar assertion against the released parties of contribution and indemnification claims,

---

   [5] This reinforces the earlier point that an adversary proceeding is required in order to obtain injunctive relief.  In an adversary proceeding the plaintiff would have to identify the defendants in order for them to be sued for injunctive relief.  In turn, that would facilitate an identification of the nonbankruptcy law governing the effect of the release on the contribution and indemnification claims.

there has been no showing why the ability to raise that bar as a defense ought not be an adequate remedy at law, thus precluding injunctive relief.  See Cadman Towers, 51 F.3d at 332.

IV

In light of the foregoing, an order follows denying Marcus's motion.

[Signed and dated above.]

Copies to: Katherine Sutcliffe Becker, Esq.; Office of U.S. Trustee.