The document below is hereby signed.

Signed: November 13, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STRATESEC, INC., | ) | Case No. 04-00696 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE OBJECTION TO CLAIM OF AMERICAN
EXPRESS BUSINESS FINANCE FILED SEPTEMBER 13, 2004 (CLAIM NO. 44)

If a proof of claim asserting secured status is to be entitled under Fed. R. Bankr. P. 3001(f) to being treated as prima facie evidence of the validity of its assertion of secured status, the proof of claim must not present a guessing game as to the nature of the collateral securing the creditor's claim.  If the creditor fails to respond to a trustee's objection that the proof of claim failed to identify property of the estate securing the claim, and the proof of claim failed to identify any such collateral, the proof of claim's assertion of secured status must be disallowed without the necessity of any presentation of evidence by the trustee.

I

This decision addresses these points in the context of the trustee's objection to the proof of claim of American Express Business Finance ("AMX"), filed September 13, 2004, which failed to identify any collateral securing its claim.  The trustee objected to AMX's proof of claim, only to the extent that it claimed secured status.  The creditor has failed timely to respond to the objection to its claim.  Nor has it filed an amended proof of claim that identifies any collateral securing its claim.

AMX's proof of claim failed to identify the collateral securing the claim.  The trustee objects to AMX's proof of claim on the basis that there is no property of the estate securing the claim, namely, "because the collateral claimed as security for the Claim was not administered as part of the estate, and therefore, the [Claim] is not a secured claim."

The Official Form for a proof of claim in force on the date that AMX filed its proof of claim provided "Check this box if your claim is secured by collateral (including a right of setoff)," and the box relating thereto was checked on the proof of claim at issue.  The Official Form then called for a "Brief Description of Collateral" with optional boxes that could be checked to describe the collateral, the boxes being for "Real Estate," "Motor Vehicle," and "Other" with a space beside "Other"

for describing such other type of collateral.  All of the boxes were left unchecked on AMX's proof of claim, and other parties in interest are thus in the dark as to what property of the estate it is that AMX claims serves as collateral for its allegedly secured claim.

II

Under Fed. R. Bankr. P. 3001(a), a proof of claim must "conform substantially to the appropriate Official Form." Although AMX utilized the Official Form in filing its proof of claim, the proof of claim did not conform to the Official Form when it failed as contemplated by the Official Form to briefly describe the collateral securing AMX's claim, and thus the proof of claim was not executed in accordance with Rule 3001(a).[1]  The mandate of Rule 3001(a) that "[a] proof of claim shall conform substantially to the appropriate Official Form" required that AMX briefly describe the collateral that secures its claim in the space set forth in the Official Form for so describing the collateral.  Otherwise the proof of claim presents no starting point for the trustee to investigate whether the asserted secured

---

[1] That the Official Form requires the collateral to be described has been made even clearer by the Official Form now in force which provides that the creditor is to "provide the requested information" and calls for the creditor to "[d]escribe" the property or right of setoff.  The Official Form that AMX utilized must similarly be viewed as having required that a proof of a secured claim briefly describe the collateral securing the claim.

3

status actually exists or whether the secured status was properly perfected, and whether the proof of claim complies with the requirements of Fed. R. Bankr. P. 3001(c) and 3001(d).[2]

Moreover, if a proof of claim that fails even briefly to describe the collateral securing the claim were treated as being in conformance with the Official Form, the proof of claim would be treated under Rule 3001(f) as prima facie evidence of the validity of the proof of claim's assertion of secured status. That would put the trustee to the burden of proving a negative, namely, that none of the myriad items that are property of the

---

[2] The proof of claim may additionally have not been executed in accordance with Rules 3001(c) and 3001(d):

- Rule 3001(c) provides that "[w]hen . . . an interest in property of the debtor securing the claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim" unless the proof of claim includes a statement that the writing was lost or destroyed. No such writing or statement was filed with AMX's proof of claim.

- Finally, if the basis for AMX's asserting a secured claim was a security interest, AMX's proof of claim further failed to attach evidence of perfection of the security interest as required by Rule 3001(d).

Theoretically, AMX could have a secured claim (for example, a right of setoff or a lien arising by statute) that was based on neither a writing nor a security interest. But without the collateral having been identified (for example, an identification of a right of setoff against an obligation owed by the creditor to the debtor), AMX's proof of claim provided the trustee no starting point for deciding whether he could demonstrate a failure to comply with Rule 3001(c) or 3001(d) such as to utilize failure to comply with those provisions as a basis for depriving the claim of the evidentiary effect under Rule 3001(f) of a claim executed in accordance with Rule 3001.

estate is subject to a lien or right of setoff in favor of the creditor such as to give rise to an allowed secured claim under 11 U.S.C. § 506(a).  The rulemakers did not likely intend such a perverse result.  Accordingly, I interpret the mandate of Rule 3001(a) that ""[a] proof of claim shall conform substantially to the appropriate Official Form" as requiring that when a description of collateral is elicited on the form, the proof of claim does not conform with the Official Form if it neglects to describe the collateral that gives rise to the assertion that the claim is secured.  The proof of claim here cannot be viewed as filed in accordance with Rule 3001(a).

                              III

Having failed, insofar as its assertion of secured status is concerned, to conform to the Official Form as required by Fed. R. Bankr. P. 3001(a), the proof of claim is not entitled to be treated as prima facie evidence of its validity under Fed. R. Bankr. P. 3001(f) with respect to the assertion of secured status.  Thus, the objection to the creditor's proof of claim will be sustained without the necessity of any evidentiary showing by the trustee, and the claim will be allowed as a general unsecured claim not entitled to any priority over other unsecured claims.

IV

Rule 3007 provides that when an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding, and that Rule 7001 requires that the determination of the validity or extent of a lien or other interest in property must be commenced as an adversary proceeding.  The trustee's objection to the proof of claim here, however, is not a request to determine the validity or extent of a lien or other interest in property.  Instead, it is an objection to the proof of claim on the basis that no collateral that is property of the estate has been identified, and thus that the creditor is not entitled to any distribution out of property of the estate (other than a distribution to it as the holder of an unsecured claim).  The trustee could hardly be expected to file an adversary proceeding to determine the validity or extent of a lien or other interest in property when the creditor has failed to identify any such property of the estate that is subject to a lien or other interest.  No adversary proceeding was required to disallow the asserted secured status of the proof of claim in this case.

V

An order follows.

[Signed and dated above.]

Copies to:

Katherine Sutcliffe Becker, Esq.

Office of U.S. Trustee

Amex BF
c/o R. Prebah Covetz
800 Traivs Street, Suite 1400
Houston, TX 77002

American Express Business Finance
c/o Kenneth I. Chenault
Chairman and Chief Executive Officer
200 Vesey Street
New York, NY 10285