The document below is hereby signed.

Signed: April 07, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| STRATESEC, INC., | ) | Case No. 04-00696 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE OBJECTION TO CLAIM
OF COMMONWEALTH OF VIRGINIA, DEPARTMENT OF TAXATION

A hearing was held today on the objection to the claim of the Commonwealth of Virginia, Department of Taxation. No one appeared on behalf of the Department, and the claim remains untimely such that the objection must be sustained.

Even though the opposition to the objection to the claim can be viewed as embodying a belated motion (filed months after the filing of the claim) seeking under Rule 9006 to enlarge the time for filing the claim, the Department bore the burden of proof to justify such an enlargement and failed to appear at the hearing to present evidence. For example, it failed to adduce evidence addressing whether the estate would be prejudiced in attempting at this late date to gather evidence to address the merits of the proof of claim, whether resolution of the merits of the claim

would entail prejudicial delay, and the reason for the substantial delay.  Its attorney's statements are not evidence.[1]

Accordingly, I did not need to address the effect of the plan's being a liquidating plan on the prejudice issue.  Nor did I need to address the division in decisions as to what weight is to be accorded the various factors considered pursuant to _Pioneer Investment Services Co. v. Brunswick Associates L.P._, 507 U.S. 380 (1993), in deciding whether excusable neglect exists. Compare _Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)_, 419 F.3d 115, 123 (2d Cir. 2005) ("[T]he four _Pioneer_ factors do not carry equal weight; the excuse given for the late filing must have the greatest import.  While prejudice, length of delay, and good faith might have more relevance in a close[ ] case, the reason-for-delay factor will always be critical to the inquiry." (citation omitted)), with _In re Sacred Heart Hosp. of Norristown_, 186 B.R. 891, 895 (Bankr. E.D. Pa. 1995) ("[A] long and logically unjustified delay which nevertheless has no significant impact on the debtor's case should . . . often be deemed excusable.").  The claim remains untimely, and an order follows sustaining the objection to the

---

[1]  Nor did it present argument regarding the prejudice to creditors in having accepted a plan pursuant to a disclosure statement that did not take into account the claim.

claim.[2]

[Signed and dated above.]

Copies to: Entities listed on the order sustaining the objection.

---

[2]   At the hearing, I erroneously assumed (based on faulty recollection as to when I had confirmed the plan) that the plan had been confirmed long before the claim was filed, and that distributions had commenced under the plan to other priority creditors prior to the filing of the claim.  But, instead, the claim was filed shortly before confirmation.  Accordingly, had the case been one under chapter 7 on the plan's effective date instead of one under chapter 11, the claim might have been timely under 11 U.S.C. § 726(a)(1), and if the allowed claims utilized in applying the hypothetical test of 11 U.S.C. § 1129(a)(7)(A)(ii) are those that have been allowed in the chapter 7 case as of the effective date, § 1129(a)(7)(A)(ii) would not furnish an argument against allowance of the claim in the chapter 11 case.

Moreover, § 1129(a)(7)(A)(ii) does not furnish an argument against allowance of a claim filed after the effective date.  The hypothetical test of § 1129(a)(7)(A)(ii) assumes a hypothetical distribution on allowed claims, but Rule 9006 addresses what the allowed claims will be in the chapter 11 case to which the hypothetical chapter 7 test will be applied.  By way of analogy, however, § 726(a)(1) does suggest that once distributions have begun, it is unwise to inject into the mix another claim, when that will require re-calibration of distributions, by allowing a late claim that was filed after distributions began.